IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 03-cr-00582-REB
(Civil Case No. 07-cv-01921-REB-MEH)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID LEROY HARTMAN,

    Defendant/Movant.

## ORDER GRANTING GOVERNMENT'S MOTION TO RECONSIDER

**Blackburn, J.**

    The matter before me is the **Government's Motion To Reconsider** [#152][1] filed May 11, 2009. I grant the motion.

    The chronology of relevant events is uncontroverted. On September 10, 2007, defendant filed his **Motion To Vacate And Set Aside Conviction or Correct Sentence Pursuant to 28 U.S.C. § 2255** [#129]. The government filed its response [#138] on October 19, 2007.

    On May 6, 2009, defendant filed his request to amend or supplement his § 2255 motion in his **Memoradum** (sic) **of Law in Support of Amended Motion for Permission To Supplement** [#149]. The government filed its response [#150] on May 8, 2009. By **Minute Order** [#151] entered May 8, 2009, I granted the defendant's motion

---

[1] "[#152]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

to amend or supplement his extant § 2255 motion. Finally, on May 11, 2009, the government filed the instant motion to reconsider, to which the defendant has not responded.[2]

In its motion to reconsider, the government contends cogently that I lacked jurisdiction to grant the defendant's motion to amend or supplement his § 2255 motion because the effect of my order impermissibly permitted the defendant to add a new claim out of time in violation of 28 U.S.C. § 2255 as codified and construed.

On May 6, 2009, defendant filed his paper styled **Memoradum (sic) of Law in Support of Amended Motion for Permission to Supplement** in which he sought the permission of this court, approximately two-and-one-half years after the collaterally-challenged judgment became final, "to amend or supplement his pending motion for relief under 28 U.S.C. 2255" by the addition of a new claim, based on a new theory premised on the decision of the Supreme Court in *Arizona v. Gant*, — U.S. —, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), that he asserts was unavailable to him when he filed his § 2255 motion on September 10, 2007. *See* [#149]. Defendant's claim now that under *Gant* the search of his vehicle when he was arrested was unlawful, is based on an entirely different theory than any claim made in his pending § 2255 motion. His new, attempted collateral attack against his conviction under his *Gant*-based pending § 2255 motion does not merely clarify or otherwise "relate back" in any way to any claim

---

[2] Notwithstanding, the issues raised by the government's motion to reconsider are briefed adequately, obviating the necessity for further briefing or oral argument. Because defendant is pro se, I continue to view his papers with the liberality due pro se litigants. *See* **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21,92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

he raised in his § 2255 motion. Although defendant argued in Claim One of his § 2255 motion that the arresting officers lacked probable cause to stop and arrest him and that the court of appeals erred in affirming my finding to the contrary, *see* [#129] at 3, 4-5, he now seeks to challenge the search of his vehicle contemporaneous with his arrest on the new theory that the warrantless search was unlawful because he was handcuffed and "away from the car" when it was searched, *see* [#149] at 2.

On May 8, 2009, the government filed a response in opposition to defendant's motion to amend or supplement his pending motion under 28 U.S.C. § 2255. The government's response claimed correctly that I lacked authority to permit defendant to add a new claim or theory to his pending § 2255 motion more than one year after the judgment of the court became final unless and until the United States Court of Appeals for the Tenth Circuit grants defendant permission to file a second or successive motion under § 2255.

Section 2255 provides relevantly that a one-year limitation period for the filing of a § 2255 motion shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence, "if either date is later than the date on which the judgment of conviction became final. **28 U.S.C. § 2255(f)(3)** and **(4)**.

Permission to file an otherwise untimely amendment to a pending § 2255 motion may be granted under **Fed R. Crim. P. 15(c)**, in the district court's discretion, "if and

3

only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." **United States v. Espinoza-Saenz**, 235 F.3d 501, 504-05 (10th Cir. 2000) (quoting **United States v. Thomas**, 221 F.3d 430, 431 (3d Cir. 2000)**.** Thus, a prisoner cannot assert a claim that is otherwise barred by the one-year time limitation of § 2255 merely because he asserted a separate claim within the limitation period. **United States v. Duffus**, 174 F.3d 333, 337-38 (3d Cir.), cert. denied, 120 S. Ct. 163 (1999); **United States v. Craycraft**, 167 F.3d 451, 456-57 (8th Cir. 1999); **United States v. Pittman**, 209 F.3d 314, 316 (4th Cir. 2000); **Davenport v. United States**, 217 F.3d 1341, 1342-43, 1346 (11th Cir. 2000).

Section 2255 also specifically provides that after a prisoner has filed a § 2255 motion collaterally attacking his conviction or sentence, he may file a second or successive motion pursuant to § 2255 only under specified circumstances. In order to do so, the prisoner must receive permission from the appropriate United States circuit court of appeals:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).

Here, defendant is attempting to add a new claim, which relies on an entirely different theory than anything contained in his pending § 2255 motion, nearly two-and-one-half years after the judgment of this court became final on December 5, 2006. The Supreme Court has not made its decision in **Gant**, upon which defendant's

4

proposed amendment or supplement to his pending § 2255 motion is premised, retroactive to cases on collateral review, nor has the court of appeals granted defendant permission to file a second or successive § 2255 motion.

Therefore, under the express provisions of 28 U.S.C. § 2255, as well as the unambiguous case law in the Tenth Circuit and its sister circuits, I conclude ultimately that I lacked authority to grant defendant's motion to supplement, and that I was without jurisdiction to issue the **Minute Order** [#151] of May 8, 2009, granting defendant's motion to supplement his pending § 2255 motion with his new, *Gant*-based claim. Moreover, I conclude that the unauthorized, untimely amendment or supplementation of defendant's pending § 2255 motion cannot be cured by an eventual denial or other consideration of the new claim on the merits because, without the permission of the court of appeals for the filing of the new claim pursuant to § 2255, the new claim may not be considered on its merits. Thus, the motion to reconsider must be granted, the **Minute Order** [#151] must be vacated, and defendant's motion to amend must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Government's Motion To Reconsider** [#152] filed May 11, 2009, is **GRANTED**;

2. That the **Minute Order** [#151] entered May 8, 2009, is **VACATED** as improvidently granted; and

3. That defendant's request to amend or supplement as raised in his **Memoradum** (sic) **of Law in Support of Amended Motion for Permission To**

5

**Supplement** [#149] filed May 6, 2009, is **DENIED**.

Dated April 6, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge