Exhibit 1

Government's Offered Plea Agreement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 03-CR-582-RB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. DAVID LEROY HARTMAN,

Defendant.

---

**PLEA AGREEMENT AND STATEMENT OF FACTS RELEVANT TO SENTENCING**

---

The United States of America, by John W. Suthers, United States Attorney for the District of Colorado, and Joshua Stein, Assistant United States Attorney, and defendant, DAVID LEROY HARTMAN, personally and through counsel, Ann England, Assistant Federal Public Defender, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing.

## I. PLEA AGREEMENT

This plea is pursuant to Fed. R. Crim. P. 11(c)(1)(B). The Defendant agrees to plead guilty to Count One of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Prohibited Person. In exchange, the government agrees (i) that a 3 point reduction in the offense level for acceptance of responsibility is appropriate and agrees to file the appropriate motion at sentencing, and (ii) to dismiss Count Two at sentencing.

## II. STATUTORY PENALTIES

The statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is: not more than 10 years imprisonment, not more than a $250,000 fine, or both; not more than 3 years supervised release; $100 special assessment fee.

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. A violation of the conditions of probation or supervised release may result in a separate prison sentence.

## III. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction. Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant, pursuant to § 1B1.3, for computing the appropriate guideline range. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea. § 6B1.4(b).

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the guideline computation (§ 1B1.3) or to sentencing in general (§ 1B1.4). In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." §6B1.4 Comm.

The parties agree that the government's evidence would be:

Based on detailed information received from a confidential source implicating the

defendant in the possession of firearms, dealing of methamphetamine, and possession of false identification documents, a Denver detective stopped the defendant on June 24, 2003 at a Denver 7-11 store. The defendant had in his possession a Ruger model Security Six .357 caliber revolver, serial number 160-65256, as well as drug paraphernalia and a military identification with the name of Jeffrey L. Meehan. When contacted, the defendant repeatedly insisted that he was Jeffrey L. Meehan. The Ruger revolver was not manufactured in Colorado. The defendant had been previously convicted of, among other offenses punishable by more than one year of incarceration, the following: (i) felony Unlawful Distribution of a Schedule 2 Controlled Substance, in District Court, Denver County, case number 91CR2050; (ii) felony Second Degree Burglary, in District Court, Adams County, case number 81CR0690; (iii) felony Second Degree Burglary, in District Court, Adams County, case number 85CR0569; and (iv) felony Attempted Escape, in District Court, Adams County, case number 86CR1125. The above events occurred in the State and District of Colorado.

## IV. SENTENCING COMPUTATION

Any estimation by the parties regarding the estimated appropriate guideline application does not preclude either party from asking the Court to depart from the otherwise appropriate guideline range at sentencing, if that party believes that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the sentencing guidelines. § 5K2.0.

The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any

position of the parties. § 6B1.4(d). The Court is free, pursuant to §§ 6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information. § 6B1.4 Comm.; § 1B1.4.

To the extent the parties disagree about the sentencing factors, the computations below identify the factors which are in dispute. § 6B1.4(b).

A. Offense Level: The base guideline is § 2K2.1.

1. Because the defendant was a prohibited person at the time of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, the base offense level is **24**. § 2K2.1(a)(2).
2. No victim-related, role-in-offense, obstruction and/or multiple count adjustments apply.
3. Defendant should receive a decrease in the offense level by **-2** based upon his acceptance of responsibility. § 3E1.1(a). Defendant should also receive a decrease in the offense level by **–1** for timely notifying the government. § 3E1.1(b). At sentencing, the government will make the appropriate motion for the one-point reduction.
4. The adjusted offense level is **21**.

B. Criminal History Category

1. The parties acknowledge and agree that the estimation regarding Defendant's criminal history is tentative. Defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. Defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final guideline range and result in a longer term of imprisonment. Based upon the facts known at this time regarding Defendant's criminal history, the parties believe that Defendant falls within Criminal History Category ("CHC") V. § 4A1.1.
2. The armed career criminal adjustment tentatively do not apply, as defendant's two burglary convictions were of businesses. § 4B1.4.

C. Guideline Ranges

1. The guideline range resulting from the estimated offense level of 21 and the estimated criminal history category of V is **70** to **87** months. However, the imprisonment range could be from 37 months (bottom of CHC IV) to 96 months (top of CHC VI)

2. Pursuant to § 5E1.2, assuming the estimated offense level of 21, the fine range for this offense would be $7500 to $75,000, plus applicable interest and penalties.

3. Pursuant to § 5D1.2, if the Court imposes the term of supervised release, that term shall be at least 2 years but not more than 3 years.

## V. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements, side agreements, terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 7/1/04

David Hartman
DAVID LEROY HARTMAN
Defendant

Date: __________

Ann England
Attorney for Defendant

Date: __________

Joshua Stein
Assistant U.S. Attorney