Exhibit 2

Defendant's Reply to Government's Response to Defendant's Section 2255 Motion

United States District Court
For The District of Colorado

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA<br>Plaintiff-Appellee | : | |
| v. | : | Case No. 03-CR-00582-REB<br>07-CV-01921-REB |
| David Leroy Hartman<br>Defendant-Appellant | : | |

oOo

**MEMORANDUM IN SUPPORT OF SECTION 2255 PETITION**

oOo

Introduction

Comes now the Defendant/Movant David L. Hartman, pro se, pursuant to §2255, and files this Memorandum in support of his Motion to Vacate and Set aside his conviction and sentence.

Compentency/diminishes capacity is at issue in this case. The defendnat has been under psychiatric care or phychologist, since 1967 at which time defendant was started on barbituates and other medications throughout his entire life. The defendant does have a debilitating mental illness and is taking prescribed psychotropic medications at this time . Defendant is classified as needing cronic care.

Argument

1. Defendants counsel was ineffective in these specific ways:
(a) Counsel failed to obtain psychiatric records after ~~station~~ STATING upon the very first encounter with defendant,

that it was "STANDARD PROCEDURE." Would repeatedly become so frustated with defendant, would state "David, shut up and listen to me." "You never give me a chance to explain one thing before jumping to another."

Ms. England knew defendant had been in mental institutions, and hospitals for suicide attempts as well as Post Traumatic Stress Disorder (PTSD), with a family histrory of mental illnesses. With conditions of seeing and hearing voices.

Defendant when interviewed prior to a bond hearing was noted that the defendant had been placed in four point restraints for his own protection after self mutilation and suicide attempts. Ms. England was aware also that the defendant had also been a patient of the courts forensic expert psychiatrist Dr. Karen Fukutaki, and those records were easily available at that time. Defendant sentence was enhanced by prior convictions but the record raises some doubt as to the defendants ccompentency to enter pleas in prior cases. U.S. v. Day, 949 F.2d 972 (8th Cir.) 28 U.S.C. 2255 n.71.

n.71- Compentency issue not raised.

Where defendant has pleaded not guilty, and issue of his compentency at anytime immediately prior to or during trial or sentencing was not raised at time of trial, defendants incompentency at time of trial may be used as ground to vacate or set aside his conviction and sentence under 28 U.S.C. §2255 a lot of case law in support of (373 U.S. 938, 10 L.ED.2d 639, 83 D.Ct.) Vogt v. United STates, 88 F.3d 587 (1996), see also Cooper v. Oklahoma, 517 U.S. 348, 134 L.Ed.2d. 498.

116 S.Ct. 1373 (1996). Supreme Court held that an Oklahoma statute that required a criminal defendant to establish incompetence by "clear and convincing evidence" placed such an onerous burden on defendant, that it violated his 14th Amendment right to due process.

(b) The advice Ms. England gave defendant was factually erroneous. Ms. England ~~being~~ WAS a federal public defender for a very short period of time. This was Ms. Englands first trial as well. Ms. England did not state the full sentence exposure or the additional charges that could be brought. When Ms. England and the defendant were sitting in court as the superceding indictment was being read. Instead of just a weapons charges I thought and had been told I would be facing. I was now charged with two counts of possession with intent to distribute and one count of possion of a firearm in furtherance of a drug trafficking crime, which is an additional five years, consecutive sentence. And additional charge of the use of another identification to commit unlawful activity.

As the court read these new charges the defendant asked Ms. England why she did not inform him that this could be a possibility. Ms. Englands reply was "I'm just as shocked as you are David."

Defendant was also informed that for the very small amount of drugs he would not get any time let alone 20 years for 2.8 grams of Cocaine powder that was not in the defendants possession. In a black bag held by another person. Or even one person saying they ever saw ~~me~~ DEFENDANT in possession let alone

distributing cocaine.

Ms. England also informed the defendant that he would have to had "brandished" the weapon in order to be found guilty of possession of a firearm" and thought there was a good chance of being acquitted. See 466 U.S. at 693-94, 104 S.Ct. at 2067-68, See also. Hill v. Lockhart, 474 U.S. at 57, 106 S.Ct. at 369-70. (applying same standard where guilt allegedly entered due to ineffective assistance of counsel.)

Ms. England failed to present sworn testimony from Brian Bennet in case no 03F03933-23 County Court, City and County Court of Denver, Colorado Courtroom 472 W. This case was related to this case. ~~at bar.~~ Brian Bennet's testimony at preliminary hearing in the above case refutes testimony he gave at trial stating defendant contacted him to confess. A.T.F. Agent B. Bennet also testified in later court proceedings in the related state case when it was dismissed that there had never been any 911 calls from 5414 Oak Street, Arvando Co. 80002 on September 30, 2003. The same time defendant contacted him through his attorneys advice. Evidence in support of defendant claims from the very start he had been set up and robbed of thousands of dollars and merchandise. Defendant had a short time before this taken $40,000.00 cash from the bank in a settlement he had received. ~~before this~~. Not this in of its self by any means clears the defendant of the weapos and distributing charges he has so adamently denied.

There is so musch more to this. Concrete and new evidence

when taken as a whole would exonerate the defendant. The defendant took Ms. Englands advice and did not take the stand. Defendant has been more than willing at any time to sit down and tell his story of facts. Whether it were at debriefings that the court had scheduled and were cancled or any other time.

Ms. Englands failure to object to time-barred counts is unaccusable in the circumstances and cannot be considred sound trial strategy. Defendants prejudice is that it were not for Ms. Englands ineffective assistance of counsel, Defendants prejudice is that those counts would have been dismissed, if his attorney Ms. England had acted competently. This very court had ruled in Case Number 04-CR-266-REB Docket 96 that supersiding indictment wasn't timely.

Defendant had brought this issue up to this court in the form of a letter and was told just prior to sentencing by this very court it would address it in the form of a 2255 motion at a later date.

This memorandum in support of defendants 2255 motion to be more specific to Claim 3, Ineffective Assistance of Consel, for the same reasons as stated in defendants 2255 motion to Claim 3, Ineffective Assistance of Counsel. Has not changed.

In support of Claim 4 (Plain Error). Exculpatory evidence withheld by AUSA J. Stien. 155 L.Ed.2d 714 (Reads) With respect to claims of error in criminal cases, one significant difference between guilty-plea claims under Rule 11 of the Federal Rules

relates to the resonable doubt of guilt or which reasonably relates to sentence.

In Machibroda v. U.S., 368 U.S. 487, 494-95, 82 S.Ct. 510, 513-14, 7 L.Ed.2d 473 (Hearing required under 2255 when petitioners motion contained factual allegations based on occurrences outside the record: Osborn v. Shillinger, 861 F.[2] 612, 622-23 (10th Cir).

In Agurs the court stated "There are situations in which evidence is so obviously of such substantial value to the defense that elementary fairness requires it to be disclosed even without specific requests."

(b) Fact:

Tests of cocaine powder where well known to be powder before being presented to the Grand jury. It was presented as Cocaine base (Crack). The prejudice alone of it being presented as crack was huge. THZRE Tehre was a variance between the proof offered at the trial and the charges contained in the indictment as related to the distribution of cocaine.

For sentencing purposes it was not important. But to the general public as a whole, known the likely hood of 2.8 grams of powder is more than not for personal use. Crack is more associated with violence, weapons as noted at the time with a 100-1 ration between crack and powder.

It was very prejudicial as there was not one perosn WHO hwo could say they ever SAW ~~say~~, heard, or were even sold too. The only reason it could have been presented as Cocaine Base was for it's prejudicial effect.

of Criminal Procedure and claims under Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052, and Brady claims may properly raised in Post-conviction proceedings such as those involving a habeas corpus petition or a 28 U.S.C. 2255 Motion, which proceedings permit greater development of the record; but (2) for Rule 11 claims, the 2255 way is open in only the most egregious cases U.S. v. Dominguzy Benitey 543 U.S. 74, 124 S.Ct. 2333.

(A) The first time defendant became aware a Brady violation may have occured was at tiral. Twice AUSA Josh Stien assured Ms. England that all evidence was stated in U.S. v. Bagley, 473 U.S. 667, 87 L.Ed.2d 481, 105 S.Ct. 3375. Once was in reply to this attached document Ms. England sent U.S. Attorney Mr. Stien, and another just a week before trial defendant hears the government ~~witnesses are~~ is contacting witnesses the defendant has placed on his witness list for trial. Defendant informs Ms. England, she contacts AUSA MR. Stien asking him once again which defendant is sure is documented. Once agaia AUSA Mr. Stien assures Ms. England he is not.

Government witnesses at trial did not turn over factual eyewitnesses and statements as to defendants actual innocense to defendant is sure this court is very well versted in Brady and Jenkins violations. AUSA Mr. Stien assured the defendant all evidence as cited in U.S. v. Bagley, this evidence shocks the conscience and is favorable to the Defendant.. U.S. v. Agurs, 427 U.S. 97 (1976). All material evidence which reasonable relates to the reasonable doubt of guilt or which resonable

## Conclusion

Defendant David L. Hartman respectuflly submitts this Memorandum in Support.

Dated November 28, 2007

Respectfully Submitted,
David L. Hartman
DAVID L. HARTMAN

David L. Hartman 32466-013
PO Box 5000
Oakdale, Louisiana 71463

## Verification

I, David L. Hartman hereby declare under the pains and penlaties of purjury that the facts stated in the foregoing memorandum are true and correct as written.

By: David Hartman

# CERTIFICATE OF SERVICE

I, David L. Hartman, the Pro se Petitioner on the above captioned matter, certify under full penalty of perjury, pursuant to 28 U.S.C. § 1746, that copies to the interested parties, not to exclude those addressed by the statute under 28 U.S.C. § 3002 15(A), were mailed with sufficient first class postage to their known addresses stated below. I further declare, interposing Houston v. Lack, 485 U.S. 266, 101 L.Ed 2d 245, and Fallen v. U.S.A., 378 U.S. 139, 12 L.Ed. 2d 760, that the above motion was mailed on this 28th day of NOVEMBER, 2007 from a Federal PRISON Reservation, as ceded under Art. 1., Section 8, Clause 17; F.C.I. Oakdale Federal Facility, in Oakdale, Lousiana.

MAILED TO:

CLERK OF COURT

C/O HONERABEL JUDGE ROBERT E. BLACKBURN
UNITED STATES DISTRICT COURT
901 19th ST.
DENVER, CO. 80294

Respectfully submitted,

David L. Hartman

P.O. Box 5000
Oakdale, Louisiana 71463