**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 03-cr-00582-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID L. HARTMAN,

    Defendant/Movant.

---

## ORDER DENYING MOTION TO RECONSIDER

**Blackburn, J.**

    This matter is before me on the **# 3582 Motion To Reconsider** [#225][1] filed May 17, 2013. The government filed a response [#213]. I deny the motion.

    On July 26, 2004, a federal grand jury returned a Superseding Indictment [#35] charging the defendant, David L. Hartman, with the following crimes:

    Count One– Possession of a Firearm by a Previously Convicted Felon;

    Count Two – Possession with Intent to Distribute a Controlled Substance (Cocaine Base);

    Count Three – Possession with Intent to Distribute a Controlled Substance (Methamphetamine);

    Count Four – Possession of a Firearm in Furtherance of a Federal Drug Trafficking Crime;

    Count Five – Possession of an Unauthorized Military Identification Card;

---

[1] "[#225]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Count Six – Use of Another's Identification to Commit Unlawful Activity; Count Five was dismissed before trial. A trial to a jury was completed on November 4, 2004, and the jury found Mr. Hartman guilty on all five remaining counts. *Verdict* [#86].

On January 28, 2005, I sentenced Mr. Hartman to concurrent terms of 180 months on Counts One, Two, and Six; a term of 12 months on Count Three, to run concurrently with the terms imposed in Counts One, Two, and Six; and a term of 60 months on Count Four, to run consecutively to the other terms imposed. [#105]. The total sentence was 240 months, or 20 years. The sentence of 180 months on Count One represented the mandatory minimum. The sentence of 60 months on Count Four represented the mandatory minimum, which was required to be imposed and served consecutively to the sentences imposed on all other counts of conviction.

In his motion [#225], Mr. Hartman notes that his 2004 conviction under Count Two involved possession of cocaine base, often known as crack, with intent to distribute. He seeks a reduction of the sentence imposed on Count Two. Mr. Hartman does not seek a reduction of his sentence on any other count of conviction.

Based on a modification of the United States Sentencing Guidelines in 2007, the guidelines generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine. **U.S. v. Sharkey**, 543 F.3d 1236, 1237 (10th Cir. 2008). This amendment, Amendment 706, took effect November 1, 2007, and was made retroactive as of March 3, 2008. *Id*. In his motion [#225], Mr. Hartman focuses on his conviction for possession of cocaine base with intent to distribute and he cites in the caption of his motion "# 3582." *Motion*, p. 1. Construing the motion liberally, I read the motion as an effort to obtain a reduction of the sentence imposed on Mr. Hartman

based on his conviction on Count Two of the indictment under 18 U.S.C. § 3582.

Subsection (c)(2) of 18 U.S.C. § 3582 provides as follows:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

As the government notes cogently in its response [#231], any reduction of the sentence imposed on Count Two would not result in a lowering of the guideline range applicable to Mr. Hartman and would not result in an actual reduction of his prison sentence. This is true because the 180 month sentence imposed on Count One was the statutory mandatory minimum sentence for Count One, a sentence not subject to reduction. The 180 month sentences imposed on Counts Two and Six run concurrently with the mandatory minimum sentence imposed on Count One.

The 180 month mandatory minimum sentence on Count One precludes Mr. Hartman from seeking a reduction of his 180 month sentence on Count Two under § 3582(c)(2). As the United States Sentencing Commission has said in an application note:

> Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range . . . . Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

USSG §1B1.10, application note 1(A). **See also U.S. v. Sharkey**, 543 F.3d 1236, 1239

(10th Cir. 2008).

In short, given the circumstances of this case, there is no arguable basis on which Mr. Hartman could obtain a reduction of his sentence under § 3582.thus, the **# 3582 Motion To Reconsider** [#225] filed by Mr. Hartman must be denied.

**THEREFORE, IT IS ORDERED** that the **# 3582 Motion To Reconsider** [#225] filed May 17, 2013, is **DENIED**.

Dated July 31, 2014, at Denver, Colorado.

                                       **BY THE COURT:**

*Bob Blackburn* (signature)

Robert E. Blackburn
United States District Judge